**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GLANBIA NUTRITIONALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LEACH LOGISTICS INC.,<br><br>Defendant. | Case No. 3:23-CV-00428-RCJ-CLB<br><br>**ORDER REJECTING THE PARTIES' JOINT CASE MANAGEMENT REPORT AND JOINT DISCOVERY PLAN PROPOSAL**<br><br>[ECF No. 14] |

On January 30, 2024, the parties filed a document entitled, "Joint Case Management Report and Joint Discovery Plan Proposal." (ECF No. 14.) For the reasons stated below, this document is rejected, and the parties are ordered to refile a corrected Joint Case Management Report, which contains a discovery plan and scheduling order, within 14 days of this order.

This lawsuit was initiated by the filing of Plaintiff's complaint on August 29, 2023. (ECF No. 1.) Defendant filed its answer on November 30, 2023. (ECF No. 7.) Pursuant to the Court's Local Rule 26-1(a), Plaintiff's counsel was required to initiate a scheduling conference with Defendant's counsel, which is required to be held "within 30 days after the first defendant answers or otherwise appears." Within 14 days of this conference, the parties must submit a stipulated discovery plan and scheduling order. LR 26-1(a). Thus, pursuant to the Court's Local Rule, the parties were required to file a joint Discovery plan and scheduling order by no later than January 15, 2023 – 45 days after the Defendant's answer was filed.

On November 30, 2023, the Court issued its order requiring the parties to file a "Joint Case Management Report" by no later than January 16, 2023 (the "JCMR Order"). (ECF No. 9.)  The JCMR Order explicitly stated that the joint case management report shall include "information in separately numbered paragraphs as designated" in the order. (ECF No. 9 at 2.) The JCMR Order then lists 13 specific paragraphs of information that

the parties are required to address in their joint case management report. Moreover, paragraph 8 of the JCMR Order explicitly states that, "in the event the Court has not already approved a discovery plan and scheduling order, the parties shall include proposed firm dates" required for a discovery plan and scheduling order. (*Id.*) In addition, the JCMR Order states, consistent with LR 26-1(a), that if the parties seek a discovery deadline more than that stated in Local Rule 26-1(b), which is 180 days, the parties' report must state "SPECIAL SCHEDULING REVIEW REQUESTED" and include "a statement of the reasons why longer or different time periods should apply to the case." (*Id.*); *see also* LR 26-1(a).

The parties "Joint Case Management Report and Joint Discovery Plan" is not in compliance with either the Court's Local Rules or the JCMR Order. First, this document does not specifically address the individual paragraphs listed in the JCMR Order, which the parties were ordered to address. For example, the JCMR explicitly orders the parties to provide information about the jurisdictional basis for the case, whether there are any pending motions, whether there are any other cases related to the pending case in this or other courts, whether discovery will be required outside of the District of Nevada, the number of depositions, whether the parties request bifurcated discovery, and whether the parties would request a case management conference.[1] However, none of these items are addressed in the document submitted by the parties.

In addition, the parties' document requests a discovery period of 270 days from the date of Defendant's answer – which is 90 days longer than the standard discovery period. (*See* ECF No. 14 at 3); *see* LR 26-1(b)(1). However, the document does not state "SPECIAL SCHEDULING REVIEW REQUESTED" nor does it include "a statement of the reasons why longer or different time periods should apply to the case" – in direct violation

---

[1] It must also be noted that the parties' report conflicts with the Court's Standing Order, which was filed in this case on November 30, 2023. (ECF No. 8.) Specifically, in the parties' report, the parties describe a "discovery dispute" mechanism that they indicate they are willing to utilize. (*See* ECF No. 14 at 6.) However, the process the parties describe does not comply with the Court's informal discovery dispute requirements contained in the Court's Standing Order. (*See* ECF No. 8.)

of Local Rule 26-1 and the JCMR Order.

Finally, the parties' report was filed two weeks after the due date required by Local Rule 26-1 and two weeks after the due date set by the Court's JCMR Order. However, there is no explanation in the document as to why the Court's ordered deadline and the Local Rule were not complied with. In addition, the parties did not seek leave of court to file a late document.

These failings are unacceptable and will not be tolerated in the future. The parties are reminded of their obligations to follow the Court's Local Rules and the Court's orders. Failure to do so in the future will result in sanctions.

Thus, for all these reasons, **IT IS ORDERED** that the parties' "Joint Case Management Report and Joint Discovery Plan Proposal," (ECF No. 14), is **REJECTED**. The parties are ordered to re-file a proper Case Management Report, which shall include a Discovery Plan and Scheduling Order, in compliance with the Court's JCMR Order, (ECF No. 9), and the Local Rules within **14 days** of the date of this order.

**IT IS SO ORDERED.**

DATED: February 1, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**